FRANK W. GUILFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Guilford v. Commissioner
Docket No. 16307-83.
United States Tax Court
T.C. Memo 1987-535; 1987 Tax Ct. Memo LEXIS 527; 54 T.C.M. (CCH) 939; T.C.M. (RIA) 87535; October 20, 1987. *527 Held, respondent's statutory notice of deficiency is valid; petitioner's arguments to the contrary are without merit. Robert Panoff, for the petitioner. Theodore J. Kletnick, for the respondent. WHITAKER
*528 MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1979 in the amount of $ 108,789. The sole remaining issue is the validity of respondent's statutory notice of deficiency. [1]
FINDINGS OF FACT This case has been submitted pursuant to Rule 122, [2] the facts having been fully stipulated. The stipulation and attached exhibits are incorporated by this reference. *529 At the time of the filing of the petition herein, petitioner resided in Coconut Grove, Florida. He filed his 1979 individual income tax return with the Internal Revenue Service in Atlanta, Georgia, on April 15, 1980. During early 1981, the Internal Revenue Service conducted an audit of petitioner's 1979 income tax return. The purpose of the audit was to examine itemized deductions and issues relating to certain rental property. The audit did not concern any issues relating to the Leicester Partners, in which petitioner was a limited partner. The audit concluded with the issuance on June 3, 1981, of a "no change" letter. During 1979, petitioner was an investor in Leicester Partners and on his 1979 Federal income tax return petitioner claimed his distributive share of Leicester Partners' putative loss in the amount of $ 172,312. In April 1981 Leicester Partners was assigned to an examination group in respondent's Manhattan District Director's office. The examination of Leicester Partners' return was completed in February 1985. On October 7, 1982, respondent requested that petitioner execute a consent to extend the statute of limitations. This request was repeated on November 5, 1982, November 19, 1982, and *530 January 10, 1983. All such requests were referred by petitioner to his accountants. However, respondent never received an executed Form 872 consent to extend the statute. Petitioner was not issued a 30-day letter and was not afforded an administrative appeal conference prior to the issuance of a statutory notice of deficiency dated April 5, 1983. The statutory notice did not relate to items other than Leicester Partners' transactions, and there was no additional inspection of petitioner's books and records other than respondent's actions with respect to Leicester Partners. OPINION Pursuant to the parties' stipulation of settlement, the sole remaining issue is the validity of respondent's statutory notice of deficiency dated April 5, 1983. Petitioner contends that respondent's statutory notice of deficiency is invalid on any one of three grounds; hence respondent is now barred from assessing any additional tax for 1979 by the 3-year statute of limitations. Initially, petitioner contends that respondent's examination of Leicester Partners' 1979 informational return was a second inspection of petitioner's books of account and that since respondent afforded petitioner no notice *531 of such second inspection, respondent has not complied with section 7605(b) and section 601.105(j), Statement of Procedural Rules. Secondly, petitioner contends that respondent's failure to provide him with a 30-day letter, and failure to afford him an administrative appeal are in violation of section 601.101 et seq., Statement of Procedural Rules, which petitioner views as mandatory. Finally, petitioner argues that respondent has not complied with the notice provisions of section 6223. Petitioner's argument that an inspection of the books and records of a partnership in which he is a limited partner is an "additional inspection" as contemplated in section 7605(b) was explicity rejected by this Court in . Curtis is factually indistinguishable from the case at bar, a fact impliedly recognized by petitioner in making his argument that we reconsider and overrule Curtis. We decline to accept petitioner's invitation, and reaffirm our holding in Curtis.Petitioner also contends that section 601.105(j), Statement of Procedural Rules, operates to invalidate respondent's statutory notice. However, that section of the *532 procedural rules deals with the reopening of cases closed after examination and since we find no reopening, our discussion concerning section 7605(b) is equally applicable. Petitioner also contends that respondent's statutory notice is invalid as petitioner was not afforded an appellate conference prior to the issuance of the statutory notice, nor was any 30-day letter issued. Secs. 601.105, 601.106, Statement of Procedural Rules. On brief, petitioner contends that he was not afforded such opportunities due to the negligence of respondent's agent, or more particularly, respondent's agent's failure to send petitioner the appropriate forms that would allow petitioner to extend the period of limitations. While the record would support a finding that petitioner was afforded ample opportunity to extend the statute of limitations so as to take advantage of such administrative procedures, such a finding is not necessary since respondent's procedural rules are merely directory and not mandatory. Petitioner's conclusion that the administrative remedies afforded by section 601.101 et seq., Statement of Procedural Rules, are mandatory and not merely directory is based upon language in *533 , affg. , wherein the Court of Appeals for the Fifth Circuit, [3] in discussing section 601.201(1)(5), Statement of Procedural Rules, stated that "Treasury regulations are as binding upon tax officials as they are upon taxpayers, and tax officials are required to abide by regulations reasonably based on the statute." . We find that the facts of that case distinguish it from the case at bar, and in any event the language relied upon by petitioner does not overrule established precedent in the construction of section 601.101 et seq., Statement of Procedural Rules. Lansons, Inc., involved the retroactive revocation of a favorable ruling concerning the taxpayer's profit-sharing trust. The Fifth Circuit upheld this Court's determination that the revocation *534 of the ruling was an abuse of the Commissioner's discretion and not in compliance with the Commissioner's procedural rules concerning ruling revocations. We find nothing of that sort in the present case. Further, the Fifth Circuit has recognized that the purpose of the Internal Revenue Service's Statement of Procedural Rules, section 601.101 et seq., "is to govern the internal affairs of the Internal Revenue Service. They do not have the force and effect of law." . See also ; ; . Precedent in this area is simply too well established to be reversed by a broad statement in a case involving unrelated issues. Finally, petitioner contends that respondent's failure to provide him with notice as required by section 6223(a) is sufficient to invalidate the statutory notice. [4] Sections 6221-6232 were added by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, for partnership tax years ending after September 3, 1982. [5] *535 Therefore, the notice requirements of section 6223 are inapplicable. Petitioner asks that if we decline to hold respondent's statutory notice invalid, that we place the burden of proof on respondent. Petitioner has provided us with no authority for such a proposition, and in any event, the parties have stipulated as to the substantive issues. Decision will be entered in due course in accordance with the parties' stipulation.
[6]
Footnotes
1. The parties have resolved the substantive issues relating to Leicester Partners, a tax straddle partnership, pursuant to a stipulation of settlement filed with the Court on October 2, 1985. The parties have agreed that if the decision of this Court in , appeal filed November 26, 1985, is affirmed, respondent will allow the straddle losses reported by petitioner. If such regulation is reinstated, petitioner will be allowed a deduction only to the extent of his cash investment. However, respondent has specifically reserved the right to argue that the straddles were sham transactions. ↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. ↩
3. The Eleventh Circuit, to which any appeal in this case would lie, has declared that it would follow the decisions of the Fifth Circuit rendered up to and including September 30, 1981. . ↩
4. The parties have not specifically stipulated that the notice required by section 6223(a) was not given. Our finding to this effect is based upon the omission from the stipulation of any mention of any such notice and the further stipulation that respondent sent no communications to petitioner other than those described in the stipulation. ↩
5. See sec. 407, Pub. L. 97-248, Tax Equity and Fiscal Responsibility Act of 1982, 96 Stat. 670. ↩
6. See n. 1, supra.↩